**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINE O'MINE, INC.,<br><br>          Plaintiff-counter-defendant -<br>Appellee,<br><br>  v.<br><br>MICHAEL CALMESE,<br><br>          Defendant-counter-claimant -<br>Appellant. | Nos. 11-17972<br>       12-15915<br><br>D.C. No. 2:10-cv-00043-KJD-PAL<br><br><br>MEMORANDUM[*] |

Appeals from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Michael Calmese appeals pro se from the district court's summary judgment

for Mine O'Mine ("MOM") on its trademark infringement and unfair competition

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims, and the district court's award of attorney's fees to MOM under the Lanham Act, 15 U.S.C. § 1117(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment and for an abuse of discretion its award of attorney's fees. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1149, 1156 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment for MOM on the parties' cross-claims for trademark infringement and unfair competition because Calmese failed to raise a genuine dispute of material fact as to ownership of the mark and the likelihood of confusion. *See Brookfield Commc'ns. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) (party claiming infringement must establish its right to a valid, protectable trademark); *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988) ("The ultimate test for unfair competition is exactly the same as for trademark infringement: whether the public is likely to be deceived or confused by the similarity of the marks." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in its award of attorney's fees in light of Calmese's litigation tactics in this case and others, and because the record supports the amount of fees awarded. *See Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 510-11 (9th Cir. 2011) (explaining the bases for an award of fees under

the Lanham Act and that a party's pattern or practice of abusive litigation practices may be considered in determining whether fees are warranted).

Contrary to Calmese's contention, his allegations of fraud were not grounds for denying MOM summary judgment or attorney's fees. *See Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) ("Non-disclosure, or perjury by a party or witness, does not, by itself, amount to fraud on the court."); *see also* Fed. R. Civ. P. 19(a) (grounds on which a party is required to be joined); *Simpson v. Providence Wash. Ins. Grp.*, 608 F.2d 1171, 1174 (9th Cir. 1979) (the defense of failure to join an indispensable party is waived if a party fails to timely assert it).

Calmese's contentions regarding the applicable pleading standards and procedural protections for pro se litigants are unavailing because the district court gave him notice of the requirements for summary judgment and ruled on the merits of the claims rather than the sufficiency of Calmese's pleadings.

**AFFIRMED.**